Law Library

**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

RAY J. AFLAGUE,

Plaintiff,

vs.

JANE DORIS AFLAGUE MOYLAN, PILAR
MARIE AFLAGUE CRUZ, MARILYN
CONSTANCE AFLAGUE, NORMA JEAN
AFLAGUE, FREDDIE JUNIOR AFLAGUE,
CHRISTINE AFLAGUE EVANGELISTA,
JOHN AFLAGUE, JENNIFER AFLAGUE
RABAGO, MONICA AFLAGUE HUSAIN,
ERMINIA MARIE CRISOSTOMO
AFGLAGUE, ELIZABETH IGLESIAS
AFLAGUE, and MARIE MESA CRUZ,

Defendants.

Civil Case no. CV0570-10

**DECISION AND ORDER**
re: Motion for
Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on Defendant's motion for summary judgment on November 28, 2012. The Defendant was represented by Attorney Gary W.F. Gumataotao. Plaintiff represented by Attorney F. Randy Cunliffe. The Court holds that the Quitclaim Deed does not contain the language necessary to convert it to a grant deed and therefor after considering the evidence and arguments presented, the Court issues the following decision and order granting Defendant's motion for summary judgment on the issue of the effect of the Quitclaim Deed.

## BACKGROUND

This matter arises out of a Complaint to Quiet Title filed by the Plaintiff on April 9, 2010. The Plaintiff seeks to quiet title to lots 5031 and 5032, Dededo, Guam on the basis of a

Quitclaim Deed executed by his father, Fred L.G. Aflague on October 22, 1983 and recorded with the Department of Land Management, Government of Guam, on August 6, 1987.

On September 19, 2012, Defendants filed a motion for summary judgment arguing that the Quitclaim deed did not transfer the future interest of Fred Aflague and thus the land passed by intestate succession to all his children. On October 15, 2012, Plaintiff filed his opposition asserting that the deeds from the Government of Guam to him in 2002 are the basis for his title. Plaintiff argues that the land was returned to the Government of Guam and it is the Government that subsequently deeded the properties to him and issued Certificate of Titles to him. Subsequently on November 21, 2012, Plaintiff filed its reply on the issue of the effect of the Quitclaim Deed.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores,* 2004 Guam 25 ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in

the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶7; *Iizuda*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3 ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

The question before the Court is what is the effect of the deed issued in 1983. Fred L.G. Aflague, original land owner of Lots 5031 and 5032, purportedly issued a quitclaim deed in 1983. At the time on October 22, 1983, Defendants submit the deed was a quitclaim deed, thus the document only conveyed the right to compensation from the U.S. government. Following this rational, the quitclaim deed was ineffective to convey any after-acquired interest to the grantee, Ray Aflague. It was not until 2002, when the U.S. Congress authorized the lands to be returned to the Government of Guam, as such the land was subsequently conveyed back to the original property owner. Therefore, Defendants argue that Fred LG. Aflague's after acquired right to the lots did not arise until 2002. Furthermore, since Fred L.G. Aflague and his wife had passed away by 2002, the right to the property reverted back to Fred L.G. Aflague's estate, of

which Freddie Aflague, Ray Aflague, Jane Alfague Moylan, Marilyn Aflague, Pilar Aflague Cruz and Normal Aflague were entitled to receive the lands as heirs of their father.

The deed reads as follows:

"Quitclaim Deed
To All Whom These Presents May Come, Greeting:
    Know ye, that I, Fred L.G. Aflague, of the territory of Guam, hereinafter called Grantor, for and in consideration of the sum of One Dollar ($1.00), lawful money of the United States of America, and other good and valuable consideration, to me in hand paid by Ray J. Aflague, of the territory of Guam, herein after called Grantee, the receipt of which is hereby acknowledged, do hereby REMISE, RELEASE, and FOREVER QUITCLAIM unto the said Grantee and to his successors and assigns, all of my interest in that certain properties located in Dededo, Guam, known and described as follows:
        Lot No. 5031, As Ucudo, Dededo, Guam
        Lot No. 5032, As Ucudo, Dededo, Guam
    Together with the appurtenances there unto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title and interest, possession, claims and demands whatsoever, both at law and in equity of the Grantor in and to the above *granted premises*, and every part and parcel thereof with the appurtenances thereto.
    To have and to hold, all the singular, and the above mentioned and described premises, together with the appurtenances, unto the said Grantee and to his successors and assigns, forever."
Defendants Motion for Summary Judgment. Exhibit E.

Defendants submit on the surface of the deed it is characterized and plainly stated as a "Quitclaim Deed." As such, in the 1983 deed Fred L.G. Aflague only released his right to land condemnation compensation issued from the U.S. Government in 1991 to Ray Aflague as those rights accrued and existed at the time of the conveyance. The amounts paid for Lots 5031 and 5032 were Twenty Five Thousand Three Hundred Fifty Four Dollars and Thirty Two cents ($25,354.32) and Fifteen Thousand Five Hundred Thirty Nine Dollars and Eight Cents ($15,539.08) respectively, which was compensated to Plaintiff Ray Alfague. Defendants further contend the deed only transferred the right to compensation to Plaintiff Ray Aflague and did not convey any future acquired interest to Plaintiff. At the time the deed was signed, there was no agreement that the lands would be returned to the Government of Guam and subsequently to the original land owners. Therefore, Fred L.G. Aflague only conveyed the rights or interests he held, which was the right to receive land condemnation compensation. A quitclaim deed only

conveys what the grantor had at the time of the deed, nothing more, and not a future acquired interest. *Klamath Land & Cattle Co. v. Romer,* 12 Cal.App.3d 613, 618 (Calif. 1970); *North Star Terminal and Stevedore Co., Inc. v. State,* 857 P.2d 335, 340 (Alaska 1993); *Taitano v. Lujan,* 2005 Guam 26 ¶ 48.

In *Taitano v. Lujan,* the Supreme Court of Guam held that unless the word *"grant"* is contained in the instrument, a deed of gift would not pass a future interest in the property. *Taitano v. Lujan,* 2005 Guam ¶ 50. Defendants submit not only is the deed titled quitclaim deed, but the word "grant" is not used in the language contained in the subject quitclaim deed. Defendants Motion for Summary Judgment. Exhibit E. *See also, Curico v. Scanevik,* 155 Cal.App.3d 955 (Calif. 1984); *Carkkuff v. Balmer,* 795 N.W.2d 303, 307, (N.D. 2011). Although the word "grant" was stated in the deed, Plaintiffs contend that quitclaim deed refers to the property as "granted premises." Furthermore, the deed also conveys reversions and remainder, which is more than a present interest in quitclaim deeds. As such, Plaintiffs submit the document is not merely a quitclaim deed as heading suggests.

Defendants cite to the *Taitano* decision for further guidance in determining the nature of a deed which states the following:

> "In this case, the operative language in the deed of gift is that the grantors 'do by these presents hereby give, *grant*, alien and confirm unto the said RAFAEL L. LUJAN.... Lot 5049...' Appellant's ER, p. 37 (Notice of Mot. And Mot. To Dismiss or in the Alt. for Summ. J.) (emphasis added). By using the term 'grant', a fee simple title was presumed to have been conveyed by the deed of gift. We reject Pedro's arguments that the subsequent acquired title doctrine does not apply to the deed of gift. (Emphasis added)" *Taitano v. Lujan,* 2005 Guam 26 ¶ 51.

Plaintiffs contend the operative language in the deed is "remise, release, and forever quitclaim" did not include "grant". Furthermore, the phrase "granted premises" is a noun, not a verb, making reference to the lots and not a declaration of the interest being conveyed. Derivations of the word "grant" do not constitute nor reasonably reflect words of conveyance or intent to convey. For instance, Defendant explains the words "grantor" and "grantee" do not change the

nature of the deed from a quitclaim to a grant deed. See *Cummings v. Dearborn,* 56 Vt. 411, 442-443 (Vt. 1884) (the habendum clause[1] does not affect the granting clause); *See also, Bryant v. Shields,* 18 S.E.2d 157, 159 (S.C. 1942) (the first clause controls repugnant clauses in deed).

It is important to note, Fred L.G. Aflague was specific as to what he wanted conveyed in the deed. The reference to reversions and remainders is consistent with the quitclaim giving to Plaintiff all that he had at the time in 1983, i.e. life estate(s), leaseholds, etc. However, in 1983, Fred L.G. Aflague had no contingent or actual reversionary or remainderman right, or other legal right, to the property. See Motion for Summary Judgment Memorandum. Exhibit H. *See also Webster Oil Co., Inc.v. McLean Hotels, Inc.,* 878 S.W.2d 892, 895 (Missouri 1994). The public policy decision by the Guam Legislature to return the property to the original land owners was an independent political decision. It was not a reversion of the property by any operation of law, unlike a life estate. Plaintiffs submit Fred L.F. Aflague at the time the deed was signed could only convey his present interest in the property because no future interest existed and it was unforeseen the Government would return the land back to the original land owners.

Plaintiffs also submit the Quitclaim deed from the Government of Guam to Ray Aflague for the properties assert Plaintiff Aflague's ownership interests in the property. On December 9, 2003 and December 22, 2003, the Government of Guam issued two Certificate of Title to Plaintiff Aflague for each respective property. Plaintiffs Opposition to Motion for Summary Judgment. Exhibit 1 and 2. Defendants have not directly addressed this argument. The Court agrees with the Plaintiff that even if it grants summary judgment, it does not end the issue of who has superior title. The interpretation of the 1983 may or may not affect the legal

---

[1] Deed generally contain 3 important clauses, specifically 1) the granting clause which describe words of transfer of an interest 2) the habendum clause which defines estate granted and declares extent of interest conveyed and 3) the descriptive clause. *Hash v. U.S.,* 454 F.Supp.2d 1066

effect of the subsequent deeds issued by the Government of Guam and the Certificate of Titles issued from those deeds. Likewise the effect of the deeds issued by the Government of Guam and the Certificate of Titles issued from those deeds may be affected by the Court's decision on the Quitclaim Deed.

## CONCLUSION

The Court holds that the Quitclaim Deed executed on October 22, 1983, is a Quitclaim Deed and therefor does not grant any future interest or after acquired interest in the lots conveyed. The Court grants Defendant's Motion for Summary Judgment on the effect and interpretation of the Quitclaim Deed. As stated above, the Court's ruling, however, does not automatically entitle Defendants to Summary Judgment on the merits of the quiet title action.

SO ORDERED, this 6th day of May 2013 .

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAY 06 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam

(2006)